UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| WILLIAM CAPERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CV411-109 |
| | ) |
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Having lost his 28 U.S.C. § 2254 habeas petition in *Capers v. Rowley*, CV407-373, docs. 15 & 16, 2007 WL 2908935 (E.D. Mo. Sept. 28, 2007) (dismissing petition as untimely), *reconsideration denied*, doc. 18 (E.D. Mo. Nov. 14, 2007), William Capers evidently threw a dart at the map in choosing this Court to file his "Motion for change of venue 281404 a." Doc. 1. He accompanied that with a motion for leave to file it *in forma pauperis* (IFP). Doc. 3.

But Capers used no prescribed habeas or other form, and he failed to supply critical case history, including any mention of *Capers*. Hence, the Court could not resolve whether it is the proper venue for his filings.

Consequently, it deferred ruling on his IFP motion and directed him to file a 28 U.S.C. § 2254 Rule 2 form, "Petition for Relief From a Conviction or Sentence By a Person in State Custody," which is designed to elicit such information. Doc. 4.

Capers complied. Doc. 10.[1] That filing shows that his petition is nothing more than a lame attempt to avoid the § 2254 successiveness bar by misusing this Court.[2] Indeed, he *still* fails to even mention his prior § 2254 petition, much less the *Capers* decision denying it. *See* docs. 1 & 10 (no mention of *Capers* in his original and Rule 2 Petition filings, despite being directly asked to disclose it by question 11, doc. 10 at 4-5 ¶ 11).

---

[1] This filing resulted in the mistaken opening of a new case file, 411CV139. The Clerk, who is **DIRECTED** to close 411CV139 as an administrative error, has since filed the petition in this case. Doc. 10.

[2] "The writ of habeas corpus is a single post-conviction remedy that is governed by both §§ 2241 and 2254, the former section defining the outer parameters of federal courts' authority to decide petitions for habeas corpus, and the latter limiting the courts' authority with respect to a subclass of petitioners—those in custody pursuant to the judgment of a state court. *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003)." *Wright v. Indiana*, 263 F. App'x 794, 794 (11th Cir. 2008). Capers reveals that he is still in custody, doc. 10 at 1, and the substance of his latest filing shows that he is challenging a state court conviction. *Id.* at 4-5. Hence, he has filed a § 2254 petition. It is successive, *see, e.g., Gilbert v. United States*, 2011 WL 1885674 at * 21 (11th Cir. May 19, 2011) (en banc), and "an improper attempt to avoid [the statutory ban on] second-or-successive restrictions . . . is not permitted." *Franqui v. Florida*, 638 F.3d 1368, 1371 (11th Cir. 2011). His case thus would otherwise face dismissal were venue proper in this Court.

And both of his filings unmistakably pivot on the state conviction at play in *Capers*.

In any event, a § 2254 petition may be filed either "in the district court for the district wherein such person is in custody," or, alternatively, "in the district court for the district within which State court was held which convicted and sentenced him. . . ." 28 U.S.C. § 2241(d); *Wright*, 263 F. App'x at 794-95; *Smith v. Wise*, 2011 WL 383054 at * 1 (S.D. Ala. Jan. 13, 2011). And, "[a] person in custody in State A who is challenging a detainer from State B can sue in either state." 17B WRIGHT & MILLER: FEDERAL PRAC. & PROC. § 4268.1 (2011) (citing *Byrd v. Martin*, 754 F.2d 963, 965 (11th Cir. 1985)); 16A FED. PROC., L. ED. § 41:73 (Jun. 2011). Capers's case fits none of these configurations. Venue therefore is *not* proper here. Under

> 28 U.S.C. § 1406(a), the Court may dismiss or, in the interests of justice, may transfer a cause of action to any district in which it could have been brought. The decision to transfer or dismiss a case under § 1406(a) is left to the sound discretion of the district court. *Pinson v. Rumsfeld*, 192 Fed. Appx. 811, 817 (11th Cir. 2006). Generally, the interests of justice favor transfer rather than dismissal, especially where dismissal may permanently bar the plaintiff from having his claims decided on the merits, such as when the statute of limitations is an issue. *Boutwell v. Advance Constr. Services, Inc.*, No. 07–0447–WS–C, 2007 WL 2988238, * 3 (S.D. Ala. Oct.11, 2007).

*Myers v. Doe*, 2011 WL 1539758 at * 2 (N.D. Fla. Mar. 21, 2011).

The interests of justice do not favor a transfer but rather dismissal. Capers has (via his lie of omission) deceitfully advanced a successive § 2254 petition here. Not only is there no venue to bring his case here, but there is no subject matter jurisdiction either, given his petition's successiveness. *Franqui*, 638 F.3d at 1374-75; *see also Ward v. Norris*, 577 F.3d 925, 938 (8th Cir. 2009) ("We affirm the district court's judgment that it lacked jurisdiction to consider Ward's Rule 60(b) and Rule 59 motions because the motions were second or successive habeas petitions under AEDPA."), cited in *Franqui*, 638 F.3d at 1374 n. 9.[3]

Accordingly, this case should be **DISMISSED**, and Capers's IFP and "amend" motions (doc. 3 & 11) thus are **DENIED** as moot. The Clerk is **DIRECTED** to close 411CV139 as an administrative error. The

---

[3] Capers is advised that repetitive filings fetch sanctions. *See Smith v. Fl. Dept. of Corr.*, 369 F. App'x 36, 40 (11th Cir. 2010) (injunction prohibiting state prisoner from filing *in forma pauperis* petitions in civil cases litigated in federal court was not overbroad, where prisoner was not prohibited from actions in which he paid the appropriate fees, from criminal cases or from litigating in state courts), *applied* to enjoin further habeas relitigation in *Harris v. St. Lawrence*, 2010 WL 4279534 at * 2 (S.D. Ga. Sep. 20, 2010), *adopted*, 2010 WL 4279524 (S.D. Ga. Oct. 25, 2010); *see also Miller v. Williams*, CV411-065 doc. 5, 2011 WL 1898921 at * 2 (S.D. Ga. May 17, 2011) (sanctioning abusive habeas filer, and citing, *inter alia*, *Alexander v. United States*, 121 F.3d 312, 315–16 (7th Cir. 1997) (imposing, inter alia, a $500 sanction on a pro se inmate raising frivolous arguments in support of a third successive 28 U.S.C. § 2255 motion and instituting "paper-less review" of any future collateral attack filings)), *adopted*, docs. 9 & 10 (S.D. Ga. Jun. 2, 2011).

Clerk shall also send a courtesy copy of this R&R to the Hon. Carol E. Jackson, of the Eastern District of Missouri, who presided over *Capers*.

**SO REPORTED AND RECOMMENDED** this  9th  day of June, 2011.

/s/ G.R. Smitt
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA