UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

WILLIAM CAPERS,

Petitioner,

v.  4:11-cv-109

STATE OF MISSOURI,

Respondent.

## ORDER

### I. INTRODUCTION

Petitioner William Capers ("Capers") filed a "Motion for change of venue 281404a" on May 3, 2011. *See* Doc. 1. The Magistrate Judge directed Capers to resubmit his "motion" using the appropriate form. *See* Doc. 4. Capers proceeded to file a series of motions, all of which were denied. *See* Docs. 5-9. Capers finally filed a § 2254 petition on the proper form on June 7, 2011. *See* Doc. 10. He filed a motion to amend two days later. *See* Doc. 11.

On June 10, 2011, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending dismissal of Capers's § 2254 petition. *See* Doc. 12 at 4. The Magistrate Judge reasoned that venue was not proper in this district and dismissal, instead of transfer, was warranted because the petition was an impermissible successive petition. *See id.* at 3-4. This Court adopted the R&R. *See* Doc. 18.

Capers filed a notice of appeal and motion for leave to appeal in forma pauperis ("IFP"). *See* Docs. 20; 22. This Court denied his motion for leave to appeal IFP. *See* Doc. 23. Yet, this Court failed to construe Capers's notice of appeal as a request for a Certificate of Appealability ("COA"). *Cf. Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997).

Accordingly, on March 1, 2012, the Eleventh Circuit remanded Capers's appeal for this Court to consider whether to issue a COA. *See* Doc. 27 at 2. Now before the Court is Capers's request for a COA. *See* Doc. 20; *see also* Doc. 27.

### II. ANALYSIS

"Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *see* 28 U.S.C. § 2253(c). The Court will issue a COA "where a petitioner has made a substantial showing of the denial of a constitutional right." *Miller-El*, 537 U.S. at 336; *see also* 28 U.S.C. § 2253(c)(2). Petitioner "must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (internal quotations omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

No reasonable jurist would find it debatable that venue was improper in this Court and that dismissal was appropriate because the petition was successive and unauthorized.

Venue is improper in this district. "28 U.S.C. § 2241(d) confers concurrent jurisdiction over habeas corpus petitions upon the districts of confinement and conviction." *Smith v. Wise*, 2011 WL 383054, at *1 (S.D. Ala. Jan. 13, 2011); *see also* 28 U.S.C. § 2241(d). Capers is not confined in this district, and he was not convicted in this district. He is a Missouri state prisoner seeking to challenge his Missouri conviction in this Court. *See* Doc. 12 at 3; *see also* Doc. 10 at 12-14.

Under 28 U.S.C. § 1406(a), after concluding that venue is improper, the Court can "dismiss, or it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Capers's § 2254 petition is an impermissible successive petition. *See* 28 U.S.C. § 2244. His previous § 2254 petition was denied as untimely in Missouri. *See Capers v. Rowley*, 2007 WL 2908935 (E.D. Mo. Sept. 28, 2007). In the present petition, he does not contest the grounds for the Missouri court's dismissal but instead raises claims for habeas relief challenging his conviction under the Fourth, Fifth, and Fourteenth Amendments. *See* Docs. 10; 11.

He has not demonstrated that he obtained authorization from an appropriate court of appeals to pursue his second § 2254 petition. *See* 28 U.S.C. § 2244(b)(3)(A). Even if venue was proper, this Court, or a Missouri district court, would not have subject matter jurisdiction to consider Capers's second § 2254 petition. *See also* Doc. 12 at 2-4.

Thus, no reasonable jurist would find it debatable whether the Court was correct in dismissing an impermissible successive § 2254 petition filed in the wrong venue.

### III. CONCLUSION

Capers's request for a COA is **DENIED**. *See* Docs. 20; 27.

This 6th day of March 2012.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2